**WO**                                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy B. Axley, | No. CV 05-1314-PHX-MHM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Conger, et al., | |
| Defendants. | |

Plaintiff Timothy B. Axley, currently confined in the Arizona State Prison Complex in Tucson, Arizona, has filed a *pro se* Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The Court will dismiss the action.

**A.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can

1 possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court
2 therefore should grant leave to amend if the pleading could be cured by the allegation of
3 other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.
4 Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot
5 be corrected.

6 **C.     Complaint.**

7       Plaintiff names as Defendants (1) Captain Conger, D.H.O. Hearing Officer, (2) CSO
8 II Pacheco, U/A tester, (3) Deputy Warden James, and (4) CSO II Carbajal, Discipline
9 Coordinator. Plaintiff alleges that his constitutional rights were violated in regards to a
10 disciplinary action, which was apparently instituted as the result of a urine analysis test. In
11 Count I, Plaintiff argues that Defendant Conger failed to provide him with evidence so that
12 he could prepare a defense "regarding, the ways and means of test results." Further,
13 Defendant Conger denied him his right to call Defendant Pacheco as a witnesses. In Count
14 II, Plaintiff alleges that Defendant Pacheco, who conducted the U/A test, failed to ensure that
15 he obtained the test results so that he could prepare a defense. In Count III, Plaintiff alleges
16 that Defendant James failed to ensure that the correctional officers followed the proper
17 disciplinary proceedings. In Count IV, Plaintiff alleges that Defendant Carbajal failed to
18 provide him with the test results, resulting in him being found guilty in violation of his due
19 process rights.

20       Plaintiff alleges that due to the Defendants' actions, he was denied good time credits,
21 he had sanctions imposed, he lost property, and his institutional P/I score increased. Plaintiff
22 seeks monetary relief and the reversal of the result of the disciplinary hearing so that his P/I
23 score could be reduced and his good time credits restored.

24 **D.     Failure to State a Claim.**

25       A claim may not be brought in a § 1983 action if "the nature of the challenge to the
26 procedures [used in a disciplinary hearing] could be such as necessarily to imply the
27 invalidity of the [decision]." Edwards v. Balisok, 520 U.S. 641, 645 (1997). If a judgment
28 in favor of plaintiff regarding denial of due process would invalidate deprivation of good

1 time credits, the claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994), unless
2 plaintiff can show the outcome of the proceeding has been overturned. Edwards, 520 U.S.
3 at 648.  Plaintiff argues that the Defendants violated his constitutional rights by failing to
4 provide him with results from a urine analysis test so that he could properly prepare a defense
5 for a disciplinary charge.  Plaintiff seeks the reversal of the results of his disciplinary hearing,
6 and the restoration of his P/I score and good time credits.  Thus, Plaintiff seeks to challenge
7 the validity of the disciplinary hearing.  Plaintiff's challenge is barred in a § 1983 action
8 under Heck.  Moreover, any attempt to amend his complaint to allege a viable claim is futile.
9 Accordingly, his action will be dismissed with prejudice.

**IT IS THEREFORE ORDERED that:**

(1)  The Complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly.

(2)   The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

DATED this 8th day of January, 2006.

_____
Mary H. Murguia
United States District Judge